ORIGINAL

Of Counsel:
KEVIN SUMIDA & ASSOCIATES
A Limited Liability Law Company

KEVIN P.H. SUMIDA    2544-0
ANTHONY L. WONG    6018-0
LANCE S. AU    6244-0
Dillingham Transportation Building
735 Bishop Street, Suite 411
Honolulu, Hawai`i 96813
Telephone No. 808-356-2600
ksumida@hawaiilaw411.com; lau@hawaiilaw411.com
awong@hawaiilaw411.com; info@hawaiilaw411.com
Attorneys for Plaintiff
STATE FARM FIRE AND CASUALTY COMPANY

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 19 2010
at 3 o'clock and 40 min. __M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>SANDPIPER CONSTRUCTION, INC. a Hawaii Corporation,<br><br>Defendant, | CIVIL NO. CV10-00163 LEK<br><br>COMPLAINT FOR DECLARATORY RELIEF; SUMMONS |

**COMPLAINT FOR DECLARATORY RELIEF**

Comes now plaintiff above named and for complaint against defendant above named alleges and avers as follows:

1. Plaintiff is an Illinois corporation duly organized under the laws of Illinois, and authorized to do business in the State of Hawaii. It is a citizen of the State of Illinois.

2. Defendant SANDPIPER CONSTRUCTION, INC. (hereinafter "Defendant Sandpiper") is a Hawaii Corporation and doing business in the State of Hawaii. Defendant Sandpiper is a citizen of the State of Hawaii.

3. Plaintiff issued a policy of Contractors' insurance to Defendant Sandpiper, which provided certain coverages to Defendants Sandpiper.

4. On September 29, 2009, plaintiffs Shaun and Annett Wright ("Wrights") filed a Complaint against Miyake Concrete Accessories, Inc ("Miyake"), in the lawsuit entitled *Shaun Wright and Annett Wright v. Miyake Concrete Accessories, Inc., et al.*, Civil No. 09-1-0748(3), filed in the Circuit Court of the Second Circuit, State of Hawaii ("underlying lawsuit").

5. The Complaint in the underlying lawsuit was based on breach of contract type claims against Miyake, who was the bonding agent for the construction of a residential house for the Wrights, for a failure to honor the duties and obligations as set forth in the Take Over Agreement.

6. Defendant Sandpiper has been named as a third party defendant in the undersigned lawsuit through a Third-Party Complaint filed by Miyake on November 17, 2009.

7. The Third-Party Complaint in the underlying lawsuit alleges that Defendant Sandpiper failed to complete the framing in a workman like manner and in compliance with the plans, and failed to repair and complete the framing deficiencies, causing damages to Miyake above what it seeks for indemnification, reimbursement and contribution for the claims made by the Wrights.

8. Plaintiff has provided a defense to defendant Sandpiper for the claims asserted in the underlying lawsuit, under full reservation of rights.

9. There may be a disagreement between the parties as to whether there is any potential for indemnification liability under the subject Contractors' policy for the claims asserted against defendant Sandpiper.

10. Under the subject Contractors' policy, there is no coverage, and no potential for indemnification liability for the claims asserted against defendant Sandpiper.

11. There is no coverage under the Contractors' policy for any of the claims asserted against defendant Sandpiper in the underlying lawsuit.

12. There is no potential for indemnification liability under the Contractors' policy for any of the claims asserted against defendant Sandpiper in the underlying lawsuit.

13. Plaintiff has no obligation to defend or indemnify defendant Sandpiper as to any of the claims asserted against defendant Sandpiper in the underlying lawsuit.

14. Plaintiff is entitled to withdraw the defense provided to defendant Sandpiper in the underlying lawsuit.

15. This is an action over which this Court has original jurisdiction under the provisions of Title 28, United States Code, Section 1332, based upon complete diversity of the parties.

WHEREFOR, plaintiff prays as follows:

A. For a judgment adjudging and declaring that there is no coverage, under the subject Contractors' Policy, for any of the claims asserted against defendant Sandpiper in the underlying lawsuit.

B. For a judgment declaring that plaintiff has no obligation to either defend or indemnify defendant Sandpiper against the claims asserted in the underlying lawsuit.

C. For an award of its attorneys' fees, costs, and such other and further relief as this court deems just or proper.

DATED: HONOLULU, HAWAII, MAR 19 2010

KEVIN P.H. SUMIDA
ANTHONY L. WONG
LANCE S. AU
Attorneys for Plaintiff